IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Scott Thomas,<br><br>               Petitioner,<br><br>vs.<br><br>B. J. Meeks, Warden,<br><br>               Respondent. | C/A No. 5:16-cv-01067-RMG-KDW<br><br><br>REPORT AND RECOMMENDATION |

Michael Scott Thomas ("Petitioner"), proceeding pro se, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has failed to properly calculate his federal sentence. Petitioner is a federal prisoner imprisoned at FCI-Williamsburg in Salters, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss or in the Alternative for Summary Judgment.[1] ECF No. 16. In support of the Motion, Respondent submits the affidavit of Dawn L. Giddings, a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center.[2] Pursuant to

---

[1] When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

[2] Ms. Giddings has worked for the BOP since 1996, has worked in the area of inmate sentence computations since 2001, and has been a programs specialist since 2013. Attached to the affidavit as support are 17 documents or groups of documents that Ms. Giddings swears were "gathered from . . . documentation" used to complete the "computation of [Petitioner's] federal

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 17, 2016, the court advised Petitioner of the summary judgment and dismissal procedures and of the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 17. Petitioner filed a timely Response on June 22, 2016. ECF No. 20.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's Motion for Summary Judgment.

I.     Factual and Procedural Background

On August 19, 2009, Petitioner was arrested by local law enforcement in Toombs County, Georgia, for the crime of "prohibited activities" and a parole violation. ECF No. 16-2, Attach. 1 (Toombs County Arrest and Booking Report). On August 21, 2009, while in the custody of Toombs County, a Writ of Habeas Corpus *Ad Prosequendum* ("the Writ") was issued from the United States District Court for the Southern District of Georgia. ECF No. 16-2, Attach. 2. On August 31, 2009, based on the Writ and a preexisting arrest warrant dated June 5, 2009, the United States Marshals Service ("USMS") took Petitioner into custody from Toombs County Jail, where the petitioner was being held for the pending state charge and a parole violation. ECF No. 16-2, Attachs. 3, 4 (Federal Warrant executed, USMS Prisoner Tracking Sheet). While in federal custody on the Writ, on September 1, 2010, Petitioner pleaded guilty and was sentenced

---

term of imprisonment . . . ." ECF No. 16-2 at 1-2. As to each document or group of documents, Ms. Giddings states "I hereby certify that a true and correct copy of [the document or documents] is included as Attachment . . . ." *Id*. at 2-5. Affidavits from Ms. Giddings have been accepted and relied on in several cases from other federal courts. *See, e.g., Martin v. Mosley*, No. 3:14-cv-958-DPJ-FKB, 2015 WL 5970852 (S.D. Miss. Oct. 14, 2015); *Bickens v. Chandler*, No. 4:14-cv-004-Y, 2015 WL 891668 (N.D. Tex. March 3, 2015); *Fowling v. Miner*, No. 5:10-HC-2123-FL, 2011 WL 2746342 (E.D.N.C. July 13, 2011).

in the Southern District of Georgia to a 150-month term of imprisonment for the federal crime of "conspiracy to possess with intent to distribute, a quantity of cocaine base (crack), cocaine hydrochloride (powder), marihuana, and methylenedioxymethamphetamine (Ecstasy). ECF No. 16-2, Attach. 5 (Judgment in a Criminal Case #CR609-00048-011). The next day, on September 2, 2010, Petitioner's state parole was revoked based on his federal conviction and he was remanded to the Georgia state penitentiary system to serve the remainder of his maximum sentence. ECF No. 16-2, Attach. 6 (Georgia Board of Pardons and Parole Documents). The Georgia Department of Corrections completed a Sentence Computation Report, providing the maximum release date of March 23, 2014, based on Petitioner's original sentence start date of March 24, 2007. ECF No. 16-2, Attach. 7 (Georgia DOC Sentence Computation Report). Petitioner's maximum date was not adjusted outward while out on parole or for the time spent in federal custody. *Id*. On October 4, 2010, Petitioner was returned to Georgia state authorities. ECF No. 16-2, Attach. 4 (USMS prisoner tracking sheet).

On May 5, 2011, while incarcerated in the Georgia Department of Corrections, Petitioner submitted a motion to the sentencing court requesting the court to issue an order to run his federal sentence concurrent to his state sentence. ECF No. 16-2, Attach. 8. On May 16, 2011, the Assistant United States Attorney ("AUSA") issued a response in opposition to Petitioner's motion, stating that the court has authority to modify an imposed term of imprisonment only in limited circumstances and asserting that no such circumstance existed in Petitioner's case. ECF No. 16-2, Attach. 9. The AUSA also stated that the decision of whether a federal sentence is run concurrently with a state sentence is left to the Bureau of Prisons ("BOP") by way of federal

statute. The AUSA also stated that Petitioner could file a request for *nunc pro tunc* relief with the BOP and the BOP would then request input from the sentencing court. *Id*. On October 24, 2011, the sentencing court denied Petitioner's motion. ECF No. 16-2, Attach. 10. On August 19, 2013, the Georgia Department of Corrections paroled Petitioner to the custody of the USMS. ECF No. 16-2, Attachs. 4, 11.

While in federal custody serving his federal sentence, Petitioner used the administrative remedy process to seek *nunc pro tunc* relief to obtain sentence credits. On October 19, 2015, based on Petitioner's request for credit for time spent in state custody, a review under *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1990) was initiated. ECF No. 16-2, Attach. 12. On November 3, 2015, the district court responded to the BOP's letter and stated, "[t]he Court determined the federal term imposed was intended to be served consecutively to any undischarged state term imposed for prior unrelated conduct. Accordingly, the Court will not recommend that the defendant's federal term be served concurrently with the state term." ECF No. 16-2, Attach.13. On November 10, 2015, the *Barden* review for a concurrent sentence was completed by the BOP and Petitioner's request was denied based on a review of all factors under 18 USC 3621(b). ECF No. 16-2, Attach. 14. Following its review, the BOP set Petitioner's projected date of release as July 10, 2024, via Good Conduct Time (GCT) Release. ECF No. 16-1. Petitioner challenges the manner in which he is serving his federal sentence and requests that the court award federal sentencing credit for the time spent in Georgia state custody between August 19, 2009 and August 19, 2013. ECF No. 1 at 8-9.

II.     Discussion

A.     Motion to Dismiss and Motion for Summary Judgment Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must

view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

Petitioner is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Respondent presented to the court matters outside the pleadings that the undersigned did not exclude, the court will treat Respondent's Motion as one for summary judgment.

B.  Analysis

Respondent acknowledges that Petitioner exhausted his administrative remedies with respect to these claims. ECF No. 16 at 4. Accordingly, Petitioner's claims are addressed on their merits.

1.  Federal Sentence Computation Generally

It is well established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a "deferential abuse-of-discretion standard." *United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008).

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585.

### 2. Commencement of Sentence

A federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). It is undisputed that Petitioner's federal sentence commenced on August 19, 2013, the day he was released from Georgia state custody and placed in the custody of the USMS for transport to BOP custody. ECF Nos. 16-1 at 3; 16-2, Attach. 4 at 2.

### 3. Prior Custody Credit

Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337; *see also United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001) (holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Primary jurisdiction is established by the sovereign that first arrests the defendant and continues until that sovereign relinquishes it by bond, acquittal, dismissal of charges, parole, probation, or discharge of sentence. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997).

As previously noted, Petitioner argues that he is entitled to credit toward his federal sentence for the time he spent in Georgia state custody from August 19, 2009 through August 19, 2013. ECF No. 1 at 8-9. Petitioner asserts that federal authorities had primary custody of him, but "accidentally released him to the State of Georgia authorities" on a state parole violation and thereby prevented him from receiving credits on his federal sentence for the time he spent in state custody. *Id*. Respondent contends that Georgia state officials had primary custody of Petitioner while he was out on a federal writ awaiting conviction and sentencing on his federal charge and retained primary custody when Petitioner began serving his state sentence for a parole violation and that Petitioner is not entitled to any credit for the time he spent in state

custody because "he received credit for this time on his state sentence." ECF No. 16 at 9. Petitioner argues that he is entitled to prior custody credit for the time he was in Georgia state custody following his August 19, 2009 arrest, which he claims was the result of an already existing federal warrant dated June 5, 2009 that was executed on him several days later at the Toombs County Jail, ECF Nos. 20 at 2; 20-1,[3] through the time he spent in Georgia state custody on a parole violation conviction entered on September 2, 2010, ECF No. 16-3 at 24, one day after he was convicted and sentenced on his federal charge. The credit time requested is four years: from August 19, 2009 to August 19, 2013. ECF Nos. 1 at 8-9; 20 at 5. Petitioner disputes that he was arrested on Georgia state charges on August 19, 2009 and states that he was "in fedral [sic] custody from day one." ECF No. 20 at 3. He contends that the Toombs County arrest-related documents attached to Respondent's Motion do not support Respondent's factual statements because they are not "certified or authentic" copies. *Id*. at 2.[4] Petitioner argues that

---

[3] Even though he asserts that he was in federal custody on the June 5 federal warrant, Petitioner inexplicably requests the court to take judicial notice of the fact that he was *not* arrested on the federal warrant. ECF No. 20 at 4. The undersigned denies the request because the sworn-to documents in the record show that the federal warrant was, in fact, executed at the Toombs County Jail on August 31, 2009. ECF No. 16-2, Attach. 3. Thus, even though he had been previously arrested on state charges, the record shows that he was, in fact, subsequently arrested by federal authorities on the federal charge to which he ultimately pleaded guilty.

[4] There is no requirement that Respondent produce certified copies of the documents on which he relies for his motion. The affidavit of Ms. Giddings is sworn to and contains certifications to the effect that each document attached to the affidavit is "a true and correct copy" of the document maintained in the BOP files. This is particularly true where Petitioner does not present contrary evidence to support his self-serving contentions. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. at 256 (in the face of a fully supported motion for summary judgment, the non-moving party must present more that unsupported allegations to defeat the motion); *Hitt v. Enbe*, No. 2:04-21999-TLW, 2007 WL 904395, at *3 (D.S.C. March 21, 2007) ("Summary judgment should not be denied merely because the plaintiff raises a "metaphysical

federal authorities with primary custody turned him over to Georgia state authorities "through inadvertence or mistake." ECF No. 20 at 5. Respondent contends that Petitioner's sentence is computed correctly because Georgia had primary custody over him throughout the period in question and only temporarily released him to federal authorities under the Writ and that he already received credit for the time on his Georgia state sentence. ECF No. 16 at 9.

First, the undersigned finds that between August 19, 2009 and August 19, 2013, Petitioner was in the "primary custody" of the State of Georgia because the record shows that Georgia law enforcement officers arrested him before federal authorities did. The fact that he was subsequently "on loan" to federal authorities under the Writ for a considerable period of time pending his federal guilty plea, conviction, and sentencing does not change this determination. Accordingly, Petitioner is not entitled to have any of those days while he was "on loan" from Georgia credited toward his federal sentence. *See Davis v. Sniezek*, 403 F. App'x 738, 740-41 (3d Cir. 2010) (defendant was not entitled to credit against his federal sentence, under § 3585(b), for time in federal custody pursuant to a writ *ad prosequendum* because he remained in state's "primary jurisdiction" until it "extinguished by operation of law . . . when his state sentence expired"); *Phillips v. Hufford*, No. 1:13-cv-00998 (ALC), 2014 WL 3871195, at *2 (S.D.N.Y. Aug. 6, 2014) (prisoner not entitled to § 3585(b) credit for time served before imposition of his federal sentence when he was exclusively in state custody); *see Wearing v. Haynes*, No. 2:13CV00163-JLH-JTR, 2016 WL 695787, at *6 (Jan. 29, 2016), *report and*

---

doubt" as to the material facts."). It should also be noted that the only document that Petitioner presents in support of his Response is what appears to be an un-certified copy of the federal arrest warrant. ECF No. 20-1.

*recommendation adopted*, 2016 WL 707366 (E.D. Ark. Feb. 22, 2016) (state that first arrested petitioner retains primary jurisdiction until such time as it permanently relinquishes it via bail, dismissal of charges, or expiration of sentence; prisoner not entitled to credit for the time spent in state primary custody). The determination of primary custody is not changed by the fact that there was an outstanding federal warrant for Petitioner's arrest at the time that Toombs County, Georgia authorities arrested him on August 19, 2009 as shown on the Arrest and Booking Report from that law enforcement agency.[5] ECF No. 16-2, Attach. 1; *see Barbati v. Warden, USP Lee Cnty.*, No. 7:13CV00048, 2013 WL 3367536, at *2 (W.D. Va. July 5, 2013) ("The possibility that he had charges from both jurisdictions pending at the time of his arrest, however, does not change the fact that Volusia County officials arrested and detained him on that date, giving the state primary jurisdiction over him."); *Wise v. Chester*, No. 09-3283-RDR, 2010 WL 4180678, at *4 (D. Kan. Oct. 20, 2010).

---

[5] Petitioner asserts that he was never prosecuted by Georgia authorities for Prohibited Activities or probation violation as shown on the arrest and booking document produced by Respondent and asserts that the probation violation charge was based on the federal conviction on which he is currently serving a sentence. ECF No. 20 at 2-3. He faults Respondent for not producing a certified copy of the arrest and booking document or a Georgia state probation violation warrant, which he contends is required to support the Motion. *Id*. However, there is no requirement that documents provided in support of a motion for summary judgment be "certified copies" so long as their authenticity is sworn to by an affiant with personal knowledge of their veracity. *See* Fed. R. Civ. P. 56 (c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by. . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.") It is noted that the Georgia State parole violation revocation order produced by Respondent shows, as asserted by Petitioner, that his parole for at least one previous state conviction was revoked on September 2, 2010 based on "his conviction on September 1, 2010 in the United States District Court." ECF No. 16-2, Attach. 6.

Despite Petitioner's unsupported assertion otherwise, *see supra* note 3, the record shows that Petitioner was arrested on state charges, not federal charges, by the State of Georgia on August 19, 2009 and the subject federal warrant was executed on Petitioner 12 days later on August 31, 2009. ECF No. 16-2, Attach. 3. The primary custody of Georgia state officials is not overcome by Petitioner's unsupported assertion that he was never formally prosecuted on the "prohibited activities" charge that he was arrested on. He was clearly prosecuted on the parole violation charge and, in any event, there is no requirement that a prisoner be formally prosecuted on a charged offense to support the primary custody of one sovereign. *See Myers v. Outlaw*, No. 2:10-CV-00080 SWW, 2011 WL 873343, at *1-2 (Feb. 3, 2011), *report and recommendation adopted*, 2011 WL 873314 (E.D. Ark. Feb. 23, 2011) (immaterial that state dismissed the state felon-in-possession charge where state probation-violation charge remained outstanding and the petitioner remained in the physical custody of state authorities); *Robinson v. Owens*, No. 4:07-3118-HMH, 2008 WL 783782, at *9 (D.S.C. Mar. 20, 2008) (rejecting the petitioner's contention that primary jurisdiction does not vest in a state with no intention of prosecuting the crime on which the petitioner was arrested). Here, it is clear that primary custody remained with the State of Georgia throughout the disputed period, including the period of temporary loan of custody to federal authorities under the Writ. There is no evidence that the state's jurisdiction/custody was ever relinquished via bail, dismissal of charges, or expiration of sentence until the August 19, 2013 expiration of Petitioner's state sentence for parole violation.

Furthermore, Petitioner is not entitled to credit for the time that he was borrowed from state officials pursuant to the Writ. A defendant's sentence does not begin to run when he is in

federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. *See United States v. Evans*, 159 F.3d 908, 912 (1998) (holding that the state "retains primary jurisdiction" over a prisoner in state custody who is present in federal court pursuant to such a writ); *see also Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (stating that "[a] prisoner is not even in custody for purposes of [beginning a federal sentence] when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities"). Additionally, a prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* when the time period was credited against his state sentence. *Williamson v. Pettiford*, C/A No. 8:07-3739, 2008 WL 2076664, at *4 (D.S.C. May 9, 2008); *Jimenez v. Warden, FDIC, Fort Devens Massachusetts*, 147 F. Supp. 2d 24, 29 (D. Mass. 2001). Here, the record shows that the Georgia Department of Corrections gave Petitioner credit towards his state parole revocation sentence for the time he was in federal custody on the Writ, ECF No. 16-2, Attach. 7. Moreover, Petitioner presents no evidence to show that Georgia failed to provide him with full credit for the time he is now requesting. *See Regan v. Johns*, No. 5:08-HC-2005-D, 2009 WL 9052197, at *5 (E.D.N.C. Sept. 18, 2009) (in absence of proof that federal time was not credited on state sentence, the petitioner's request for additional credits on his federal sentence was rejected). Accordingly, the requested period of time (August 19, 2009 through August 19, 2013) cannot be credited against Petitioner's federal sentence because to do so would result in double credit -- something that the applicable statute precludes. 18 U.S.C. § 3585(b); *Hawkins v. Holt*, 274 F. App'x 175, 177 (3d Cir. 2008); *Armstead v. Gutierrez*, No. 2:06-cv-47, 2009 WL 347089, at * 1 (N.D.W. Va. Feb. 11, 2009). The BOP correctly determined

that Petitioner is not entitled to any additional time credits on his federal sentence because it is undisputed that all the time that he has requested was already credited to his state sentence.

        4.      Concurrent State and Federal Sentences

Even though Petitioner does not explicitly raise this issue in his Petition or in his Response to Respondent's Motion, Respondent indicates that Petitioner requested "*nunc pro tunc* designation," which means that he wanted the BOP to consider that his federal sentence ran concurrently with his state sentence. ECF Nos. 16 at 10, 16-2, Attach. 12. Respondent contends that the BOP's denial of Petitioner's request was appropriate. ECF No. 16 at 10. Petitioner does not respond to this contention; however, review of the record discloses that the BOP correctly considered all the required factors, including a letter from the federal sentencing court indicating that the sentencing judge intended for Petitioner's federal sentence to "be served consecutively to any undischarged state term imposed for prior unrelated conduct." ECF No. 16-2, Attach. 13. Here, the record shows that the BOP fully considered all the required factors under 18 U.S.C. § 3621(b) and reasonably declined to award Petitioner *nunc pro tunc* relief based on Petitioner's extensive criminal record and the sentencing court's letter regarding the intention that the sentence be consecutive and not concurrent with the state sentence. ECF No. 16-2, Attach. 14. The undersigned reaches this conclusion in light of the record and the Fourth Circuit's admonishment that the opinion of the sentencing court does not control the BOP's determination. *See Trowell v. Beeler*, 135 F. App'x 590, 596 (4th Cir. 2005).

III.    Conclusion

For the foregoing reasons, the undersigned recommends that the court grant Respondent's Motion for Summary Judgment, ECF No. 16, deny the Petition for Writ of Habeas Corpus, ECF No. 1, and dismiss the Petition with prejudice and without an evidentiary hearing.

IT IS SO RECOMMENDED.

September 22, 2016                               Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).