IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Scott Thomas ) | | Case No. 5:16-cv-01067-RMG |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| B.J. Meeks, Warden, ) | | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. Michael Scott Thomas ("Petitioner"), proceeding pro se, is a federal prisoner incarcerated at FCI-Williamsburg in Salters, South Carolina. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has not properly calculated his federal sentence. Specifically, Petitioner alleges that he has not received sufficient credit toward his federal sentence to account for 1) the time he spent in federal custody under a writ of habeas corpus from August 19, 2009 through September 1, 2010 and 2) the time he spent in state custody following revocation of his state parole on September 2, 2010 until August 18, 2013.

Respondent filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment on June 15, 2016. (Dkt. No. 16.) The court advised Petitioner of the summary judgment and dismissal procedures that apply to this case. (Dkt. No. 18.) Petitioner filed his Response on June 22, 2016 and later filed objections to the R&R. (Dkt. Nos. 20 and 33.) The Magistrate Judge recommended that this court grant Respondent's Motion for Summary Judgment, deny the Petition for Writ of Habeas Corpus, and dismiss the Petition with prejudice and without an evidentiary hearing.

Facts

This court adopts the following facts as outlined in the R&R:

1. On August 19, 2009, Petitioner was arrested by local authorities in Toombs County, Georgia for the crime of "prohibited activities" and a parole violation. (Dkt. No. 16-2 at 8 (Toombs County Arrest and Booking Report).)

2. On August 21, 2009, the United States District Court for the Southern District of Georgia issued a writ of habeas corpus *ad prosequendum,* asking the state of Georgia to transfer Petitioner to the custody of the United States Marshals Service ("USMS") for prosecution on federal charges. (Dkt No. 16-2 at 10)

3. On August 31, 2009, based on the writ *ad prosequendum* and a pre-existing arrest warrant from June 5, 2009, the USMS took Petitioner into federal custody. (Dkt No. 16-2 at 12, 14 (Federal Warrant executed, USMS Prisoner Tracking Sheet).)

4. About a year later, on September 1, 2010, Petitioner pleaded guilty to federal drug charges. (Dkt. No 16-2 at 17).

5. On September 2, 2010, the state of Georgia revoked Petitioner's state parole based on his federal conviction. (Dkt. No. 16-2 at 24-26 (Georgia Board of Pardons and Parole Documents).)

6. The Georgia Department of Corrections completed a Sentence Computation Report, listing Petitioner's maximum release date as March 23, 2014. (Dkt No. 16-2 at 28 (Georgia DOC Sentence Computation Report).) Petitioner's maximum state sentence was not adjusted outward for the time he spent in federal custody on the writ *ad prosequendum*. March 23, 2014 is exactly seven years from March 23, 2007, the date Petitioner began serving his seven-year state sentence. This

means the state of Georgia credited the entire four-year period at issue here, from August 19, 2009 to August 18, 2013, toward Petitioner's state sentence.

7. On October 4, 2010, Petitioner was returned to the Georgie Department of Corrections to complete his state sentence. (Dkt. No. 16-2 at 16 (USMS prisoner tracking sheet).)

8. On August 19, 2013, after he finished serving his state sentence, the Georgia Department of Corrections paroled Petitioner to the custody of the USMS to begin serving his federal sentence. (Dkt. No. 16-2 at 16, 50 (USMS prisoner tracking sheet, Georgia Department of Correction Offender Finder).)

9. While in federal custody, Petitioner applied to have his time spent in state custody completing his state sentence credited toward his federal sentence (also referred to as *nunc pro tunc* designation). (Dkt. No. 16-2 at 53-54.) Petitioner has not specifically objected to the BOP's denial of that request, but the record shows that the BOP fully considered all required factors under 18 U.S.C. § 3621(b) before it denied Petitioner's request for *nunc pro tunc* designation due to his extensive criminal record and a letter from the federal sentencing judge confirming that the judge intended for Petitioner to serve his federal sentence "consecutively to any undischarged state term imposed for prior unrelated conduct."[1] (Dkt. No. 16-2 at 56, 58.)

Discussion

---

[1] The opinion of the federal sentencing court alone does not control the BOP's determination about whether to grant *nunc pro tunc* relief. *See Trowell v. Beeler*, 135 F. App'x 590, 596 (4th Cir. 2005).

Petitioner alleges that his federal sentence has not been properly calculated because he has not been credited for the time he spent in federal custody under a writ of habeas corpus *ad prosequendum* from August 19, 2009 through September 1, 2010 and the time he spent in state custody following revocation of his state parole on September 2, 2010 through completion of his state sentence on August 18, 2013.

The computation of a federal sentence is governed by 18 U.S.C. § 3585. The statute contains a two-step determination: 1) what date did the federal sentence commence[2] and 2) will any credit be awarded for time spent in custody before the federal sentence commenced. 18 U.S.C. § 3585.

Petitioner's federal sentence commenced when the state of Georgia relinquished jurisdiction over him to federal authorities on April 19, 2013; his federal sentence did not begin when he was in federal custody on the writ *ad prosequendum*. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."); *see also Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (stating that "[a] prisoner is not even in custody for purposes of [beginning a federal sentence] when he

---

[2] The BOP has the authority to determine when a federal sentence commences. *United States v. Hayes*, 535 F.3d 907, 10 (8th Cir. 2008).

appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities").

Petitioner claims that federal authorities obtained primary jurisdiction over him on August 19, 2009 and later, following his federal conviction on September 1, 2010, mistakenly released him to state authorities on a state parole violation. (Dkt. No. 20 at 5.) Petitioner has provided no factual basis for this claim. Primary jurisdiction is established by the sovereign that first arrests the defendant and continues until that sovereign relinquishes it by bond, acquittal, dismissal of charges, parole, probation, or discharge of sentence. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). All available records indicate that Petitioner was arrested by local authorities on August 19, 2009. (Dkt. No. 16-2 at 8 (Toombs County Arrest and Booking Report).)

Petitioner is not entitled to credit toward his federal sentence for his time spent in federal custody on the writ *ad prosequendum* from August 19, 2009 through September 1, 2010 or from September 2, 2010 (when the state revoked his parole) through August 18, 2013 when he finished serving his state sentence because this four-year period was already credited toward his state sentence. Under 18 U.S.C. § 3585(a), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337; *see also United States v. Mojabi*, 161 F. Supp. 2d 33, 36 (D. Mass. 2001) (holding that "[s]ection

3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Additionally, a prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* when the time period was credited against his state sentence. *Williamson v. Pettiford*, C/A No. 8:07-3739, 2008 WL 2076664, at *4 (D.S.C. May 9, 2008); *Jimenez v. Warden, FDIC, Fort Devens Massachusetts*, 147 F. Supp. 2d 24, 29 (D. Mass. 2001).

The Magistrate Judge treated Respondent's Motion (Dkt. No. 16) as one for summary judgement because Respondent presented matters outside the pleadings that the Magistrate did not exclude from consideration. This court will do the same. Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute of material fact regarding whether Petitioner started serving his federal sentence on August 19, 2013 because petitioner has provided no evidence from which a reasonable jury could conclude otherwise. Likewise, there is no genuine dispute of material fact regarding whether Petitioner already received credit toward his state sentence for the four year period he was in custody from August 19, 2009 to August 18, 2013 because Petitioner has provided no evidence from which a reasonable jury could conclude otherwise.

For the reasons stated above, this Court **ADOPTS** the Report and Recommendation (Dkt. No. 22) as the Order of the Court, **GRANTS RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENIES THE PETITION FOR WRIT OF HABEAS CORPUS, AND DISMISSES THE PETITION WITH PREJUDICE AND WITHOUT AN EVIDENTIARY HEARING.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 17, 2017
Charleston, South Carolina

-7-